IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| C.J. STEWART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-4080-CV-C-NKL |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT, RECOMMENDATION AND ORDER

Plaintiffs, all inmates confined in the Jefferson City Correctional Center (JCCC), a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Thirty plaintiffs have signed the complaint seeking monetary, declaratory and injunctive relief. Named defendants are the Missouri Department of Corrections, Director Larry Crawford; and JCCC Superintendent Dave Dormire.

Plaintiffs allege that the policies in place regarding their assignment to administrative segregation violate their constitutional rights under the Eighth and Fourteen Amendments to the United States Constitution. Specifically, plaintiffs allege that the extreme restrictions of administrative segregation which provide very minimal human contact, combined with denial of any recreation property, such as televisions and radios, and denial of canteen privileges, cause them to suffer severe sensory deprivation, resulting in mental, emotional, and physical problems. Plaintiffs allege that no legitimate penological purpose is served by these restrictions imposed on nonpunitive administrative segregation inmates.

Plaintiffs have requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiffs also seek class action status. Federal Rule of Civil Procedure 23 provides for certification of a class action only when (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the class. Fed. R. Civ. P. 23(a). In addition to these four prerequisites to a class action, a class action can only be maintained if (1) the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class would impair or impede other potential members of the class not parties to the adjudication; (2) the party opposing the class action has refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

In this case, thirty identified plaintiffs have already signed the complaint, and adjudication of their claims seeking a change in the administrative segregation policies at JCCC will adequately protect the interests of all inmates at JCCC whether or not they are joined as plaintiffs in this action. Certification of a class action in this case is not the superior method of adjudicating plaintiffs' claims. Because the interests of plaintiffs and all inmates at JCCC can be adequately adjudicated without certification of such action, this court finds that such certification would only significantly slow down and complicate the adjudication of the merits of plaintiffs' claims. Plaintiffs' request for certification of a class action should be denied.

Although plaintiffs' allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiffs to proceed at this stage.

Plaintiffs are advised that either all filings must be signed by all parties when submitted, or individual plaintiffs may file motions to join in filings made by a coplaintiff. Alternatively, each plaintiff may file his own motion. The court further notes that in order to adjudicate the merits of the claims of the thirty pro se prisoner plaintiffs, plaintiffs must be diligent in the organization of their filings and are strongly discouraged from filing any documents that are not directly related to the claims on which they have been granted leave to proceed. Unnecessary and unrelated filings will only significantly slow the processing of the claims in this case.

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiffs have also filed a motion for appointment of counsel. Because this case is not being certified for a class action, and is in the early stages, plaintiffs' motion for appointment of counsel is denied. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal

3

standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiffs' complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiffs' claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiffs may again request appointment of counsel.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records

4

available to the court indicate initial filing fees would be assessed[1] as follows: C.J. Stewart, $1.70; Chris Simms, $3.03; John Selvy, $27.07; Wykine Young, $11.50; Norman Brown, $266.31; James Howard, $14.50; Benjamin Darden, $5.03; Darrell Miller, $42.60; Carl Turner, $21.52; Brian Bohle, $2.18; Russell Rhone, $18.00; Shyheim El-Mumin, $3.80. Because the total of the individual initial fees to be assessed exceeds the full amount of the filing fee of $350.00, the court will direct plaintiffs to pay the full filing fee within thirty days. If plaintiffs fail to pay the filing fee in full, their claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

On April 20, 2007, the Clerk of Court sent to all plaintiffs forms for filing in forma pauperis, with a notation to complete and return such forms within twenty days. To date, plaintiffs Chris Swearingin, Michael Vincent, Anthony Lyles, Don Stathem, Lonnie Evans, Eric Carvin, Aubrey Morgan, Hassan Khaalid, Ike Crawford, Damon Caine, Anthony Cooper, Reginald Griffin, Keith Roy, Booker Boyd, Demetrius Herndon, Jimmy Holly, Michael White and Reggie Griffen have failed to return their forms to the court. These plaintiffs are directed to show cause why their claims should not be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with a court order. If plaintiffs do not comply with this order, their claims may be dismissed under the provisions of Fed. R. Civ. P. 41(b).

IT IS, THEREFORE, ORDERED that within twenty days, plaintiffs Chris Swearingin, Michael Vincent, Anthony Lyles, Don Stathem, Lonnie Evans, Eric Carvin, Aubrey Morgan, Hassan Khaalid, Ike Crawford, Damon Caine, Anthony Cooper, Reginald Griffin, Keith Roy, Booker Boyd, Demetrius Herndon, Jimmy Holly, Michael White and Reggie Griffen show cause why their claims should not be dismissed, pursuant to Fed. R. Civ. P.41(b), for failure to comply with court orders. It is further

ORDERED that plaintiffs' motion for appointment of counsel is denied, without prejudice. It is further

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

5

ORDERED that plaintiffs are granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiffs pay the filing fee in full in the amount of $350.00. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiffs' request for certification of a class action be denied.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of June, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge