IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| C.J. STEWART, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-4080-CV-C-NKL |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On February 19, 2008, plaintiff C.J. Stewart filed a motion for default judgment against defendants, citing failure to respond timely.[1] A review of this case indicates that a notice of appearance was entered by counsel for defendants Larry Crawford, Dave Dormire and the Missouri Department of Corrections on March 17, 2008.

The court has discretion to enter a default judgment. F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9 (8th Cir. 1977). Defaults are not favored, however, Affanato v. Merrill Bros., 547 F.2d 138 (1st Cir. 1977), because ruling on the merits is encouraged. Wilver v. Fisher, 387 F.2d 66 (10th Cir. 1967). Generally, only a clear pattern of "delay or contumacious conduct" justifies entry of default judgment. Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988).

This case was originally filed on April 19, 2007, by thirty plaintiffs. Awaiting necessary in forma pauperis applications and information from the multiple plaintiffs delayed the initial review of the complaint, pursuant to 28 U.S.C. § 1915, until June 20, 2007. Subsequent to granting in forma pauperis, several named plaintiffs filed motions seeking their removal as plaintiffs. This court has also dismissed some of the plaintiffs for their failure to comply with

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

the court's orders to pay their portions of the initial filing fee, as assessed pursuant to section 1915. To date only three of the thirty plaintiffs remain.

Therefore, in consideration of the ever-changing identity of plaintiffs in this action, and the court's preference for cases to be decided on their merits, plaintiff Stewart's motion should be denied. A scheduling order has been entered and the case is proceeding.

IT IS, THEREFORE, RECOMMENDED that plaintiff Stewart's motion for default judgment be denied. [53]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge