IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

C.J. STEWART, et al., )
)
        Plaintiffs, )
)
        v. ) No. 07-4080-CV-C-NKL
)
LARRY CRAWFORD, et al., )
)
        Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Before the court are plaintiff Shyheim D. El-Mu'min's motions seeking preliminary injunctive relief on claims that he is being denied his legal materials and being taunted and harassed, that false conduct violations have been issued against him, and that he has even been assaulted. Plaintiff El-Mu'min identifies fifteen employees of the Eastern Reception and Diagnostic Correctional Center (ERDCC) who he says are violating his rights.[1]

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Plaintiff El-Mu'min is no longer incarcerated at the Jefferson City Correctional Center, and is not currently in this judicial district.  Thus, plaintiff's request for preliminary injunctive relief is not properly before this court.  Rather, plaintiff may make a separate filing in the United States District Court for the Eastern District of Missouri, the district in which ERDCC is located.

Further, El-Mu'min's claims of being assaulted, taunted and harassed, and claims regarding access to courts are not a part of this case.  The claims in this case relate only to his and his co-plaintiffs' claims challenging the general overall conditions of administrative segregation confinement.  A request for preliminary injunctive relief on claims that are unrelated to the merits of the underlying lawsuit, fails to establish the necessary relationship between the injury claimed in the motions for preliminary injunctive relief and the conduct asserted in the complaint.  Devose v. Herrington, 42 F.3d at 471.  Plaintiff's new and different allegations contained in his motions for preliminary injunctive relief do not warrant preliminary injunctive relief to be issued by this court in this case.

Finally, as noted in defendants' response, to which plaintiff El-Mu'min did not reply, he has received access to his legal work on several occasions with opportunities to exchange materials.  Specifically, defendants cite entries for July 11, October 10 and November 20, 2008.  The court takes judicial notice of the necessary limits put on legal materials in prisoners' cells, and the exchange procedures offered.

2

Case 2:07-cv-04080-MJW   Document 110   Filed 02/10/09   Page 2 of 3

Therefore, this court finds no proper basis on which to grant plaintiff El-Mu'min's motions for preliminary injunctive relief. Plaintiff may file these claims, if he determines necessary, in a separate case in the Eastern District of Missouri, where jurisdiction is proper.

On October 10, 2008, this court granted plaintiff leave to file an amended complaint. Plaintiff's amended complaint was filed on October 23, 2008.

IT IS, THEREFORE, ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants named in the amended complaint he will and will not waive service of process. It is further

ORDERED that the newly named defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

RECOMMENDED that plaintiff El-Mu'min's motions seeking preliminary injunctive relief be denied. [75, 84]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge